O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BUTLER AMERICA, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UCOMMG, LLC, et al.,<br><br>　　　　　Defendants. | Case № 2:21-cv-00041-ODW (AFMx)<br><br>**ORDER REMANDING ACTION AND DENYING MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS [12][20]** |

## I.　INTRODUCTION AND BACKGROUND

Plaintiff Butler America filed this action in the Superior Court of California, County of Santa Barbara, against Defendants United Communications Group, Inc.; UCOMMG, LLC; Kenneth W. Newbatt; Bianca Newbatt; Mitchell C. Lipkin; Michael J. Bellas; Jimmie Garrett Baker, Jr. ("Baker"); and WesTele Utility Solutions, LLC ("WesTele") (collectively, "Defendants").  (Notice of Removal ("NOR"), Ex. A ("Complaint" or "Compl."), ECF No. 1-1.)  Defendants removed the action based on alleged diversity jurisdiction despite Butler's allegation that Baker and WesTele are citizens of California.  (*See* Compl. ¶¶ 19, 21.)  On July 28, 2021, the Court ordered the parties to show cause why this action should not be remanded for lack of subject matter jurisdiction.  (ECF No. 31.)  Defendants filed a Response in

support of their contention that this Court has subject matter jurisdiction. (*See* Response, ECF No. 33.)

After reviewing Defendants' Notice of Removal and Butler's Complaint, the Court finds that it lacks subject matter jurisdiction over this action because the parties are not completely diverse.[1] Consequently, the Court **REMANDS** this action to state court. *See* 28 U.S.C. § 1447(c).[2]

## II.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] For jurisdictional allegations, the Court looks to the Complaint and Notice of Removal, because diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### III. DISCUSSION

Defendants invoke diversity as the basis of the Court's subject matter jurisdiction. (NOR ¶ 1.) The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). There is a strong presumption against fraudulent joinder, and thus, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim. *Id.* at 549. "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Here, Defendants attempt to invoke diversity jurisdiction because Butler is a citizen of California and Delaware, and some Defendants are citizens of Washington, Minnesota, and North Carolina. (NOR ¶¶ 8–15.) Butler alleges that Baker and WesTele are citizens of California, but Defendants contend that the Court should disregard Baker's and WesTele's California citizenship because they were fraudulently joined. (Compl. ¶¶ 19, 21; NOR ¶¶ 17–23.)

Defendants fail to show there is no possibility that Butler can state a claim against either Baker or WesTele. According to the allegations in the Complaint, Baker is an individual who is alleged to have misappropriated Butler's trade secrets, and WesTele is a company which is alleged to have benefited from that misappropriation. (Compl. ¶ 52.) Defendants attempt to reduce Butler's claims against Baker to contract claims based on non-compete clauses Defendants contend are unenforceable, but Butler has asserted more than merely contract claims against Baker. (NOR ¶ 21.) Defendants did not attempt to argue that the non-contract claims against Baker are insufficient. Accordingly, Defendants have not demonstrated that Butler failed to state any claim at all against Baker, and Defendants certainly have not shown by clear and convincing evidence that there is no possibility of stating a claim against Baker. (*Accord Grancare*, 889 F.3d at 549–50 (discussing the clear and convincing evidence standard under which a defendant must show that there is *no possibility* a plaintiff could recover against a non-diverse defendant to establish fraudulent joinder). And even assuming Butler's allegations are insufficient, Defendants fail to establish that Butler could not cure any potential deficiency in a future amendment. *See id.* at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a*

*future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'").

Accordingly, the Court finds that either Baker or WesTele or both were properly joined, and the Court cannot disregard their California citizenship. As there is not complete diversity, the Court must remand. *See Gaus*, 980 F.2d at 566.

### IV.   CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to the Superior Court of California, County of Santa Barbara, 1100 Anacapa Street, Santa Barbara, California, Case No. 20CV03877. Defendants' Motion to Compel Arbitration and Motion to Dismiss are **DENIED AS MOOT**. (ECF Nos. 12, 20.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 3, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**